Case 1:24-mj-01586-JMC Document 1-1 Filed 07/02/24 Page 1 of 5

1:24-mj-01585-JMC
1:24-mj-01586-JMC

✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

1:29 pm, Jul 02 2024
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Nelson Torres, being duly sworn, do hereby depose and state:

**Introduction/Affiant Background**

I make this affidavit in support of complaint charging CEDRICK BRINKLEY and STEVEN LEE with violating Title 18 United States Code Section 933(a)(3), Firearms Trafficking Conspiracy.

I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

I have been a Special Agent with the ATF since August of 2020. From 2013 to 2020, I was employed as a Police Officer with the Washington, DC Metropolitan Police Department ("MPD"). While at MPD, I was assigned to the Narcotics and Special Investigations Division where I participated in the execution of over 200 warrants and the recovery of over 500 firearms. I have attended the United States Department of Homeland Security's Criminal Investigator Training Program ("CITP") and ATF's Special Agent Basic Training ("SABT"), both located in Glynco, Georgia, for a combined period of twenty-six weeks. I have received extensive training, both formal and on-the-job, in the provisions of the Federal Firearm Laws and Federal Narcotics Laws administered under Title 18, Title 21 and Title 26 of the United States Code.

As an ATF agent, I have conducted and participated in numerous investigations concerning violations of federal firearm laws, violations of federal controlled substance laws, and the commission of violent crimes. I have received specialized training regarding, and have personally participated in, various types of investigative activities, including, but not limited to, the following:

(a) physical surveillance; (b) the debriefing of witnesses, informants, and other individuals who have knowledge concerning violations of federal firearms and controlled substance laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace device; (h) the handling, maintenance, and examination of evidence to include electronic devices. I have been involved in numerous investigations of firearms related offenses and arrested numerous individuals for federal firearms related crimes.

The statements in this affidavit come from my training, experience, and familiarity with this investigation. They are based on my own personal knowledge of events as well as information I have learned from other law enforcement agents. Because this affidavit merely seeks to establish probable cause for a criminal complaint and arrest warrant, I have not included every fact I know about this investigation. However, I have not left out any fact that I believe would defeat a probable cause finding.

**Probable Cause**

The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), in coordination with other investigative agencies, has been investigating a firearm trafficking network in the Baltimore City area of Maryland. During this investigation, ATF investigators identified that **BRINKLEY** and **LEE** have been conspiring to transport and sell firearms throughout the Maryland area. Both individuals have been convicted of a crime punishable by more than one year in prison and are therefore prohibited from possessing firearms.

On April 3, 2024, Cedrick **BRINKLEY** called an ATF confidential informant ("the CI[1]") and advised that he could obtain several firearms to sell to the CI. Later that day, **BRINKLEY** met with the CI and an undercover investigator ("the UC") at a pre-determined meeting location so **BRINKLEY** could sell them the firearms. During the meeting, **BRINKLEY** removed four firearms out of a satchel he was carrying and placed them on a nearby table to show the CI and UC. The UC explained his business of purchasing the firearms for resale and that they could only purchase firearms from **BRINKLEY** on days when the UC had a truck available to transport the firearms. **BRINKLEY** acknowledged that if he was caught with the firearms, he would face up to 15 years in prison. The UC purchased the four firearms for $4500. **BRINKLEY** left the scene.

On April 17, 2024, **BRINKLEY** agreed to meet again with the CI and UC to sell them firearms. During this meeting, the CI observed a second individual in the front passenger seat of **BRINKLEY**'s vehicle when he arrived. This second individual was later identified as **LEE**. **BRINKLEY** exited the vehicle, entered the meeting location, and opened a black backpack that contained five firearms. **BRINKLEY** placed the five firearms on a table in front of the UC, who paid **BRINKLEY** $6100 in exchange for the five firearms. During this meeting, the UC explained their profit margins on the resale of the firearms and how the UC takes photographs of the firearms to send to their contacts in New Jersey, who can then secure purchasers. **BRINKLEY** left the scene.

On April 24, 2024, **BRINKLEY** agreed to meet with the CI and UC for another firearms transaction. Prior to the transaction, **BRINKLEY** advised that the price of these firearms would be higher because one of the firearms had a "button" on it. Based on knowledge, training, and

---

[1] The information the CI has provided to law enforcement agents has been deemed credible and corroborated by independent evidence. The CI has a criminal history, to include an armed robbery conviction. They are being paid for their information.

3

experience, I know a "button" is slang for a Glock switch machine gun conversion device, which converts a semi-automatic pistol to automatic. **BRINKLEY** also advised that a third party had the firearms and **BRINKLEY** would obtain them before the agreed upon meeting. Later that day, investigators observed **BRINKLEY** park his vehicle in a public parking lot and **LEE** park his vehicle next to **BRINKLEY**'s. **BRINKLEY** exited his vehicle empty handed and retrieved a black canvas bag from **LEE**'s vehicle before driving away in his own vehicle. **BRINKLEY** arrived at the firearms sale carrying what appeared to be the same the black canvas bag and removed five firearms from the bag. He placed the firearms on a table in front of the UC and advised they would cost $8300. The UC inquired if **BRINKLEY** could call his supplier to negotiate the price. **BRINKLEY** then placed a Facetime audio call to the purported supplier; the UC observed that the contact read "Speedy" on **BRINKLEY**'s cell phone. Investigators know "Speedy" to be **LEE**'s nickname. Additionally, **LEE**'s social media accounts are under the name "YFC Speedy" and depict **LEE**'s face in pictures throughout the accounts. On the Facetime audio call, **LEE** described the guns the UC was looking at even though **LEE** was not physically present, indicating to investigators that he was in fact the supplier. **LEE** was also able to explain to the UC that the high price was because one of the firearms was a machine gun and another was an "FN" brand, which retails at a higher price. The UC and **LEE** ultimately agreed on $7800 for the five firearms. **LEE** said he would not charge as much on future deals. The UC explained to **BRINKLEY** that it was "all about the money" for him.

All 14 of the purchased firearms referenced in this warrant were examined by an ATF Nexus Expert, who determined they were not manufactured in the state of Maryland and therefore affected interstate commerce. The firearms were also test fired and were deemed operable.

4

Based on my training, experience, and knowledge of this investigation, I believe that **BRINKLEY** and **LEE** conspired to transfer firearms to another person knowing or having reasonable cause to believe that the use, carrying, or possession of such firearms by the recipient would constitute a felony, namely 18 U.S.C. § 922(a)(1)(A) (Engaging in the Business of Dealing Firearms Without a License) and 18 U.S.C. § 922(o) (Unlawful Possession of a Machinegun). Therefore, there is probable cause to believe that **BRINKLEY** and **LEE** have committed a violation of 18 U.S.C. § 933(a)(3).

## Conclusion

I request that the Court issue a Complaint and Arrest Warrants for Cedrick **BRINKLEY** and Steven **LEE**.

Affiant: _____
NELSON TORRES
Digitally signed by NELSON TORRES
Date: 2024.06.30 15:49:55 -04'00'

Nelson Torres
Special Agent
ATF

Sworn to me via telephone this __1__ day of July, 2024.

_____
Honorable J. Mark Coulson
United States Magistrate Judge